Amy R. Patton, Bar No. 203877
arp@paynefears.com
Nicole R. Kardassakis, Bar No. 300023
nrk@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant, APPLUS
IDIADA KARCO ENGINEERING, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JOHN KELLEY, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLUS TECHNOLOGIES, INC., a Delaware corporation; APPLUS IDIADA KARCO ENGINEERING, LLC a California limited liability company; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No. 5:22-cv-813<br><br>[San Bernardino County Superior Court – Case No. CIVSB2204889]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441**<br><br>[FEDERAL QUESTION] |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF JOHN KELLEY, AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Applus Idiada Karco Engineering, LLC hereby removes this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California, on the grounds, as detailed below, that the action arises under the laws of the United States, specifically the Fair Credit Reporting Act.

---

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441

## PLAINTIFF'S STATE COURT ACTION

1. On or about March 8, 2022, John Kelley ("Plaintiff") filed an action against Defendants Applus Technologies, Inc. ("Applus Tech."), Applus Idiada Karco Engineering, LLC ("Applus Idiada"), and Does 1 through 100, in the Superior Court of the State of California, County of San Bernardino, entitled "JOHN KELLEY, on behalf of himself and all others similarly situated, Plaintiff, v. APPLUS TECHNOLOGIES, INC., a Delaware corporation; APPLUS IDIADA KARCO ENGINEERING, LLC a California limited liability company; and DOES 1 through 100, inclusive, Defendants" Case No. CIVSB2204889 (the "State Court Action").  A true and correct copy of the Summons, Complaint, and Civil Case Cover Sheet filed on March 8, 2022, as served on Applus Idiada, is attached hereto as **Exhibit "A"** as part of the Index of Exhibits.

2. On or about April 5, 2022, the Court issued an Initial Case Management Conference Order.  A true and correct copy of Plaintiff's Notice of Court's Initial Case Management Conference Order as served on Defendants is attached hereto as **Exhibit "B"** as part of the Index of Exhibits.

3. On or about April 13, 2022, Plaintiff's process server left a copy of the Summons, Complaint, and Civil Case Cover Sheet with a receptionist at Applus Idiada's principal address.  (*See* Exhibit "C," *infra*.)

4. On or about April 27, 2022, Plaintiff filed a Proof of Service of Summons – Substituted Service [Applus Idiada].  A true and correct copy of the Proof of Service of Summons – Substituted Service [Applus Idiada] is attached hereto as **Exhibit "C"** as part of the Index of Exhibits.

5. On or about April 15, 2022, Defendant Applus Tech. was served with a copy of the Summons, Complaint, and Civil Case Cover Sheet through its registered agent.

6. On or about April 27, 2022, Plaintiff filed a Proof of Service of Summons – Personal Service [Applus Tech.]. A true and correct copy of the Proof of Service of Summons – Personal Service [Applus Tech.] is attached hereto as **Exhibit "D"** as part of the Index of Exhibits.

## TIMELINESS OF REMOVAL

7. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based [ . . . ]." 28 U.S.C. § 1446(b)(1).

8. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), in that Defendant Applus Idiada received the Complaint on April 13, 2022, fewer than thirty (30) days before the filing of this Notice. (*See* Exhibit "C.")

## FEDERAL QUESTION JURISDICTION UNDER THE FAIR CREDIT REPORTING ACT

9. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Any such action may be removed to the district court if it is originally filed in a state court:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Removal on such "federal question" grounds is proper even if the parties are not of diverse citizenship, and without regard to the amount in controversy. 28 U.S.C. §§ 1331, 1332(a), 1441(a)–(b).

10. This court has federal question jurisdiction because Plaintiff's Complaint expressly and explicitly includes a claim for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

## REMOVAL OF ENTIRE ACTION PURSUANT TO 28 U.S.C. § 1367(a)

11. District courts "shall have supplemental jurisdiction" over state-law causes of action that form "part of the same case or controversy" as the federal claims supporting removal. 28 U.S.C. § 1367(a).

12. Supplemental jurisdiction is proper if the causes of action in question "derive from a common nucleus of operative fact," such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

13. Plaintiff's non-federal causes of action — (1) claims for improper inquiries during the hiring process, asserted under the Consumer Credit Reporting Agencies Act (Cal. Civ. Code § 1785.1, *et seq*.), the Investigative Consumer

Reporting Agencies Act (Cal. Civ. Code § 1786, *et seq*.), and the "Ban the Box" Law (Cal. Govt. Code § 12952); (2) wage and hour claims for failure to pay overtime and minimum wages, failure to provide meal and rest periods, waiting time penalties, wage statement violations, and failure to reimburse business expenses; and (3) a claim under the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.) — arise directly out of the same "common nucleus of operative fact" as Plaintiff's claims under the federal Fair Credit Reporting Act.  All of Plaintiff's causes of action relate to Defendants' employment practices, including pre-employment practices such as allegedly obtaining credit reports as to Plaintiff in violation of state and federal laws.  Thus, Plaintiff's claims would normally be tried in a single judicial proceeding with the rest of the Complaint, and the entire action is thus removable under this Court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a).

## **VENUE IS PROPER IN THIS COURT**

The United States District Court for the Central District of California, Eastern Division is the federal judicial district and division in which the San Bernardino County Superior Court sits.  This action was originally filed in San Bernardino County Superior Court, rendering venue in this federal judicial district and division proper.  28 U.S.C. §§ 84(b), 1441(a).

## **CONCLUSION**

Plaintiff's claims raise questions of and are premised on federal law.  Federal jurisdiction exists as a result.  Moreover, claims that are not directly based on federal law nevertheless share a common nucleus of operative fact with the federal claim.  Therefore, Defendant Applus Idiada respectfully requests that this Court

exercise its removal jurisdiction over this entire action.

DATED: May 13, 2022

PAYNE & FEARS LLP
Attorneys at Law

By: _____
AMY R. PATTON

Attorneys for Defendant, APPLUS
IDIADA KARCO ENGINEERING, LLC

4888-8897-1807.1

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| Exhibit "A": | Summons, Complaint, and Civil Case Cover Sheet served on Applus Idiada |
| Exhibit "B": | Plaintiff's Notice of Court's Initial Case Management Conference Order |
| Exhibit "C": | Proof of Service of Summons – Substituted Service [Applus Idiada] |
| Exhibit "D": | Proof of Service of Summons – Personal Service [Applus Tech.] |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-7-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441

# PROOF OF SERVICE

*John Kelley v. Applus Technologies, Inc., et al.*
United States District Court Case No. 5:22-cv-813

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On May 13, 2022, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441** on the interested parties in this action as follows:

| | |
|---|---|
| David D. Bibiyan<br>Jeffrey D. Klein<br>BIBIYAN LAW GROUP, P.C.<br>8484 Wilshire Boulevard, Suite 500<br>Beverly Hills, CA 90211<br>Tel: 310.438.5555 / Fax: 310.300.1705 | Attorneys for Plaintiff JOHN KELLEY |

Email:    david@tomorrowlaw.com
          jeff@tomorrowlaw.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address ccason@paynefears.com to the persons at the e-mail addresses listed in the Service List.

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 13, 2022, at Irvine, California.

                                        */s/ Connie Cason*
                                        Connie A Cason