JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-00813 JGB (SPx)** | Date | June 30, 2022 |
|---|---|---|---|
| Title | *John Kelley v. Applus Technologies, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| TANISHA CARRILLO | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None | None |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand to the San Bernardino County Superior Court (Dkt. No. 17); and (2) VACATING the July 11, 2022 Hearing (IN CHAMBERS)

Before the Court is a motion to remand filed by Plaintiff John Kelley. ("Motion," Dkt. No. 17.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion and REMANDS the case to San Bernardino County Superior Court.

### I. BACKGROUND

On March 28, 2022, Plaintiff John Kelley ("Plaintiff" or "Mr. Kelley") filed a putative class action against Applus Technologies, Inc. and Applus Idiada Karco Engineering, LLC in the Superior Court of the State of California, County of San Bernardino (collectively, "Applus"). ("Complaint," Dkt. No. 1-1.) The Complaint asserts twelve causes of action: (1) violation of the Fair Credit Report Act; (2) violation of the California Investigative Consumer Reporting Agencies Act; (3) violation of the Consumer Credit Reporting Agencies Act; (4) failure to comply with "ban the box" law; (5) failure to pay overtime wages; (6) failure to pay minimum wages; (7) failure to provide meal periods; (8) failure to provide rest periods; (9) waiting time penalties; (10) wage statement violations; (11) failure to indemnify; and (12) unfair competition under Cal. Bus. & Prof. Code § 17200 et seq. (See Complaint.)

On May 13, 2022, Applus removed to this Court, alleging federal question jurisdiction by way of Mr. Kelley's cause of action under the Fair Credit Reporting Act. (See Notice of Removal.) On June 13, 2022, Mr. Kelley moved for remand. (Motion.) Applus opposed on June 17, 2022. ("Opp.," Dkt. No. 19.) Mr. Kelley replied on June 27, 2022. ("Reply," Dkt. No. 20.)

## II.   LEGAL STANDARD

### A.  Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

The district court may remand the case sua sponte or on the motion of a party. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B.  Standing

A complaint must meet Article III's standing requirements to establish subject matter jurisdiction. Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). Federal courts may only interpret actual "cases" or "controversies" under U.S. Const. art. III section 2. California v. U.S. Dep't of Homeland Sec., 476 F. Supp. 3d 994, 1004 (N.D. Cal. 2020). Plaintiffs must allege the following to establish standing: (1) "[plaintiffs] must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical," (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court," and (3) "it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) (internal citations and quotations omitted).

## III. DISCUSSION

Mr. Kelley argues the Court lacks subject matter jurisdiction because he disclaims his request for "actual damages" under FCRA, and, as a result, he does not have standing. (Motion at 2-3.) Defendants argue that the Court should deny Mr. Kelley's gamesmanship attempt and retain jurisdiction of the action. (See Opp.) Mr. Kelley fails to allege standing but not for the reasons asserted by the parties. The Complaint fails to allege an "injury in fact" under FCRA that satisfies Article III's case and controversy requirement. Mr. Kelley's post-removal abandonment of his prayer for actual damages is irrelevant. This Court did not have jurisdiction at the time of Removal.

Mr. Kelley alleges that Applus failed to provide proper disclosures and authorization in violation of 15 U.S.C. § 1681b(b)(2)(A). (Complaint ¶¶ 13,14.) Under section 1681b(b)(2)(A), persons may not procure a consumer report unless they disclose in writing to the consumer in a document that consists solely of the disclosure that a report may be obtained for employment purposes. 15 U.S.C. § 1681b(b)(2)(A).

Mr. Kelley alleges the following as to the FCRA violation:

> [O]n or around March of 2020, Defendants[ ] procured a consumer report about Plaintiff as part of an employment background screening without providing Plaintiff with the appropriate, applicable disclosures and without the appropriate, applicable authorization in compliance with state and federal laws.

Complaint ¶ 13.

> Defendants did not provide legally compliant disclosure and authorization forms to Plaintiff and Class Members as they failed to contain, among other things, a "clear and conspicuous" disclosure, made in writing prior to the report being procured or caused to b e procured, in a document that consisted solely of the disclosure, that a consumer report may be obtained for employment purposes as well as an authorization, in writing, for the procurement of the report….

Id. ¶ 14.

> Defendants have, at times, obtained and used information in consumer reports to conduct background checks on prospective and existing employees which failed to comply with the requirements under the FCRA because they, among other things, included superfluous information within the disclosure, such as identifying information of a third party consumer reporting agency, which may not have been the reporting agency used to obtain or procure the

>consumer report…and/or failed to obtain proper authorization before procuring a consumer report, including by either obtaining consumer reports without authorization or when such authorization had expired.

Id. ¶ 41.

"A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a suer of the agency's consumer information, that information regardless may be entirely accurate." Spokeo, Inc. v. Robins, 578 U.S. 330, 342 (2017) ("Spokeo II"). "In addition, not all inaccuracies cause harm or present any material risk of harm." Id. Section 1681b(b)(2)(A) creates "a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment application process" and "creates a right to privacy by enabling applicants to withhold permission…and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check." Syed v. M-I, LLC, 853 F.3d 492, 499 (9th Cir. 2017). Violations of section 1681b(b)(2)(A) may give rise to a concrete injury when the allegations are sufficient to support the inference that a plaintiff "was deprived of the right to information and the right to privacy guaranteed by" the section. Id. However, such a finding requires the reasonable inference that the violation caused actual confusion. See id. at 499-500.

The plaintiff in Syed alleged a violation of section 1681b(b)(2)(A) and that he discovered the defendant had procured his consumer report only after he obtained and reviewed his personnel file. Id. at 499. The Ninth Circuit determined the allegations to mean he was not aware he was authorizing a credit check when he signed the form, was confused, and would have declined to authorize the report had the disclosure complied with the FCRA. Id. at 499-500. On the basis of those allegations, the panel found that plaintiff alleged a concrete injury sufficient for Article III standing. Id. The Ninth Circuit has subsequently reaffirmed Syed's holding. See Ruiz v. Shamrock Foods. Co., 804 F. App'x 657, 659 (9th Cir. 2020) (plaintiffs failed to establish standing for failure to allege "(1) they were confused by the inclusion of the references to state law and the liability waiver on the authorization form, and (2) 'would not have signed it had it contained a sufficiently clear disclosure.'")

Applus purports that its position is supported by three cases: Pitre v. Wal-Mart Stores, Inc., 2019 WL 365897, *7 (C.D. Cal. Jan 17, 2019) ("Pitre I"), Nayab v. Capital One Bank (USA), N.A., 942 F.3d 480, 490 (9th Cir. 2019), and Syed. (Opp. 9-10) ("Plaintiff's allegations are on all fours with the claims in Thomas,[1] Syed, and Pitre I.") The authority does not support Applus's position. First, "Pitre I" implies the existence of a "Pitre II," which Defendants fail to acknowledge. Applus's lack of candor is unsurprising, given that Pitre I involved a class certification motion, and the class was later decertified and the case remanded for lack of

---

[1] Defendants refer to non-binding, out of circuit authority, Thomas v. FTS USA, LLC, 193 F. Supp. 3d 623, 631 (E.D. Va. 2016).

standing in Pitre v. Wal-Mart Stores, Inc., 2019 WL 5294397 (C.D. Cal. 2019).  Second, the ruling in Nayab pertained to section 1681(f)(1), not b(b)(2)(A).  See Nayab, 942 F.3d at 490 ("[O]btaining a credit report for a purpose not authorized under the FCRA violates a substantive provision of the FCRA" rather than a section that "merely describe[s] a procedure that one must follow") (internal quotations omitted).  Nayab does not bear on the question of whether a violation of FCRA's stand-alone disclosure requirement, section 1681b(b)(2)(A), confers standing.  Lastly, under Syed, a plaintiff must allege "(1) they were confused by the inclusion of the references to state law and the liability waiver on the authorization form, and (2) 'would not have signed it had it contained a sufficiently clear disclosure'" to establish standing.  See Ruiz, 804 F. App'x at 659 (quoting Syed, 853 F.3d at 499).  Mr. Kelley's allegations are unlike those of Syed; he does not allege anywhere in the Complaint that he was (1) confused or (2) would not have signed the waiver had it contained a sufficiently clear disclosure.

In sum, Mr. Kelley lacks standing to pursue the FCRA claim.  Thus, this Court lacks subject matter jurisdiction over the Complaint.  The Court GRANTS the Motion and REMANDS to the San Bernardino County Superior Court.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**